[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 12, 1996, the plaintiff, Dominic Valentas, filed this action against the defendant, Toys R Us (Toys). The single-count complaint alleges negligence against Toys. Valentas alleges the following facts in his complaint. On August 29, 1994, Valentas fell while walking along the sidewalk outside of the Toys store located at 125 Frontage Road, East Haven, Ct. Valentas alleges that Toys controlled and maintained the walkway and sidewalk located outside of its store, and claims that Toys knew or should have known about the dangerous condition of the sidewalk which caused him to fall. Also, Valentas alleges that he has suffered injuries due to the fall and alleges that Toys' negligence in maintaining the sidewalk caused his injuries.
On September 23, 1996, Toys filed an apportionment complaint against Christopher Road Associates, landlord-lessor of the premises occupied by Toys. Toys claims that pursuant to their lease agreement, Christopher Road, as landlord, agreed to maintain and repair the common areas located at 125 Frontage. (Apportionment Complaint ¶ 6.) Also, Toys claims that Christopher Road agreed to indemnity Toys, as a tenant, against all claims arising from any acts or omissions of Christopher Road. (Apportionment Complaint ¶ 7.) Finally, Toys claims that Valentas's fall and resulting injuries were caused by Christopher Road's negligence. On October 15, 1996, Valentas filed a complaint against Christopher Road claiming damages for any liability attributable to Christopher Road. CT Page 12368
On November 25, 1996, Toys filed a two count cross complaint against Christopher Road which alleged common law indemnification under count one and contract indemnification under count two. Toys now moves for summary judgment as to count two of the cross complaint on the ground that Christopher Road agreed to indemnity it against any claims arising out of an injury occurring on the sidewalk abutting the premises. Toys seeks only the attorneys' fees it has incurred in defending this suit. Christopher Road filed an opposing memorandum asserting that it has no contractual duty to indemnify Toys for its own negligence.
On July 7, 1997, prior to the present motion for summary judgment, Toys had filed a motion for summary judgment against Valentas and codefendant, Christopher Road Associates. The court, Gray, J., granted Toys' motion as to Valentas on the issue of Toys' lack of duty to the plaintiff, but did not rule on the issue of whether Christopher Road owed a duty to indemnify Toys based upon the lease agreement.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998). The movant has the burden of demonstrating the absence of any genuine issue of material fact.Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . ." (Citation omitted; internal quotation marks omitted.) Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751-52, 660 A.2d 810 (1995).
"[T]he party opposing such a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis omitted.) Gupta v. New Britain General Hospital, supra,239 Conn. 582. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case . . ." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990).
In support of its motion, Toys submitted a memorandum of law and an affidavit which sets forth the legal fees that it has incurred due to this law suit. Also, Toys refers to a lease CT Page 12369 agreement that was attached to the Toys' prior motion for summary judgment (Docket Item # 117), as exhibit A which also contained an affidavit which authenticated the lease agreement. It is noted for the court that the lease was not actually attached to the prior motion for summary judgment, but that Toys submitted it following oral argument on the present motion for summary judgment. Toys argues that because Valentas' injury occurred on the sidewalk adjacent to the store, Christopher Road must indemnify Toys for any liability arising out of an injury occurring on the sidewalk. Toys asserts that the lease, in plain and unambiguous language, sets forth an indemnification clause, thus Christopher Road must indemnify Toys as a matter of law. Toys also contends that liability for defective premises is based upon possession and control, and since Christopher Road, pursuant to the lease agreement, maintains control over the common areas which includes the sidewalk, it is liable for injuries occurring on the sidewalk.
In its opposing memorandum, Christopher Road argues that it does not have a contractual duty to indemnify Toys for Toys' own negligence because Valentas' allegations of negligence are only against Toys. Christopher Road claims that a clause in the agreement excludes the landlord from indemnifying the tenant for any loss or damages as a result of the tenants negligence. Also, Christopher Road asserts that the lease grants Toys a nonexclusive easement over the sidewalk in question.
The lease agreement between Toys and Christopher Road, under Article XI, Indemnity, sets forth provisions in which both the tenant and landlord agree to indemnify each other in certain instances. (Toys' Motion for Summary Judgment #117, Exhibit A.) The tenant, Toys, under section 11.01, agrees to indemnify the landlord against any claims or liability for any injury occurring in or upon the demised premises as caused by an act or omission of the tenant. "Demised premises" as defined within the Preliminary Statement, essentially means the store area and truck loading facilities as designated by the site plan in Exhibit B of the agreement. The landlord, Christopher Road, under section 11.02, agrees to indemnify the tenant from any claim or liability arising from a personal injury occurring in the Shopping Center caused by an act or omission of the landlord. The agreement's preliminary statement describes the shopping center as the entire retail area owned by the landlord described in exhibit A of the agreement. In addition to granting the tenant an exclusive right to the demised premises, under Article I, section 1.01, the CT Page 12370 landlord granted the tenant a non-exclusive right to use the parking area, driveways, sidewalks for common use by the tenant and other tenants of the shopping center referred to as the common areas. Article VI, Common Areas, provides addition guidelines pertinent to Toys' non-exclusive rights. Under Article VI, 6.01(a), the landlord grants the tenant a non-exclusive easement over the common areas and defines the common area as the parking area, lanes, drives, entrances, sidewalks, landscaped areas, lighting facilities and equipment. Under section 6.03(a), the landlord agrees to supervise, operate, manage, repair, replace, and maintain all of the common areas.
In Esposito v. Toys "R" Us, Superior Court, judicial district of New Haven, Docket No. 382699 (December 26, 1997, Levin, J.), the court examined a lease entered into between Toys and Christopher Road in the context of a slip and fall on a sidewalk adjacent to the Toys' store. In that case, the plaintiff alleged that the accident occurred due to Toys' negligence in maintaining the sidewalk. Subsequently, Toys filed an apportionment complaint and a cross claim against Christopher Road seeking common law and contractual indemnification, and moved for summary judgment as to liability as to count two of its cross claim, contract indemnification. In Esposito, the court interpreted the relevant provisions of the lease and granted Toys' motion. The court held that, pursuant to the lease, Christopher Road retained control over the common area, and had a duty to maintain the area where the accident occurred, therefore Christopher Road was liable under the second count of Toys' cross claim. The court observed that normally the sidewalk and curb are under the lessee's control absent some agreement to the contrary, however, under the lease agreement at issue the court found that Christopher Road retained control over the sidewalk and was therefore liable for any injuries occurring on the sidewalk.
"In determining the meaning and effect of the controverted language in [a] lease, the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties . . . Therefore, the controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had . . ." (Citations omitted; internal quotation marks omitted.) Water Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 666, 646 A.2d 143 (1994). "[O]rdinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it CT Page 12371 becomes a question of law for the court . . ." (Citations omitted.) Id., 667. The lease provisions examined in Esposito use the exact language as used in the lease agreement of the present case. Similarly, pursuant to the lease agreement in the present case, the court finds that Christopher Road retained control over the sidewalk area where Valentas' slip and fall occurred. Therefore, Toys' motion for summary judgment is granted. According to the lease agreement Christopher Road retains control over the sidewalk area, and therefore it is liable under count two of the cross claim and must indemnify Toys.
Howard F. Zoarski Judge Trial Referee